ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2010 FEB 12 P 12: 43
CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THOMAS L. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-067 |
| | ) | |
| GEORGIA BOARD OF PARDON AND PAROLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff commenced the above-captioned case by submitting a civil complaint and a motion to proceed *in forma pauperis* ("IFP"). However, upon review of Plaintiff's filing, it was unclear whether he was attempting to assert a claim pursuant to 42 U.S.C. § 1983 or petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Accordingly, it was also unclear whether Plaintiff, in filing his IFP motion, was agreeing to pay the $5.00 habeas corpus filing fee or the $350.00 civil rights filing fee. The Court therefore denied Plaintiff's IFP motion without prejudice and instructed him to submit a new IFP motion within fifteen (15) days of the Court's December 7, 2009 Order. (Doc. no. 4, p. 5). Plaintiff was further instructed to inform the Court of his intention to pursue either habeas corpus relief or a civil rights action within that same 15-day period. (Id.). Plaintiff was provided instructions for filing an amended complaint if he chose to pursue a civil rights action, (id. at 5-7), and was told that if he informed the Court that he had elected pursue habeas corpus relief, he would

be given the opportunity to submit a proper form for habeas relief, (id. at 7). Plaintiff was specifically warned that if no response was timely received, the Court would recommend dismissal of this action without prejudice. (Id.). However, Plaintiff failed to respond.

On January 14, 2010, the Court granted Plaintiff fourteen (14) additional days to comply with the December 7, 2009 Order. (Doc. no. 6, p. 2). Once again, Plaintiff was warned that if he failed to comply after this 14-day extension, the Court would "undoubtedly recommend that his case be dismissed for want of prosecution." (Id. (citing Loc. R. 41.1(c))). The time to respond has passed, and Plaintiff has not submitted a new IFP motion or informed the Court whether he intends to pursue habeas corpus relief or a civil rights action. Nor has Plaintiff provided the Court with any explanation why he has not complied.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua*

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

*sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's December 7th Order amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day February, 2010, at Augusta, Georgia.

*W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE